# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| SHAUN DANIEL WILGA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:17-CV-1457 CDP |
| | ) |
| LARRY CRAWFORD, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $65, which is twenty percent of his average monthly deposit. *See* 28 U.S.C. § 1915(b). Additionally, plaintiff must file an amended complaint.

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

## The Complaint

Plaintiff brings this action against Larry Crawford, Director of the St. Charles County Department of Corrections, an Unknown Guard (Guard), and Unknown Caseworker (Caseworker), and an Unknown Prisoner (Prisoner). The complaint alleges that Prisoner was known to be dangerous, and prison authorities had ordered that his cell door remain closed. Plaintiff alleges that sometime in mid-July 2016, Guard, disregarding orders, opened Prisoner's door and let him out of his cell while plaintiff was playing cards with some other inmates in the common area. Prisoner then grabbed a broom and hit plaintiff in the head with the handle, knocking him unconscious and lacerating his scalp. Plaintiff was taken to the hospital, where stitches and staples were used to close the laceration.

The only allegation against Crawford is that he knowingly allowed plaintiff to be assaulted by Prisoner. The complaint provides no factual support for this conclusory allegation.

Plaintiff also alleges that Caseworker knowingly allowed him to be assaulted without providing any factual support for the claim. Plaintiff further complains that Caseworker did not respond to his grievance.

## Discussion

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and

§ 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995) ("a general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability."); *George v. Smith*, 507 F. 3d 605, 609 (7th Cir. 2007) ("Only persons who cause or participate in the [constitutional] violations are responsible.  Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation.").  There are no factual allegations showing that defendants Crawford or Caseworker were present during the incident or had any control over Guard's decision to open Prisoner's door.  As a result, plaintiff's allegations against them are frivolous.

To state a claim under § 1983, a plaintiff must establish that a person acting under color of state law committed the acts which form the basis of the complaint.  *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327, 328 (1986).  Defendant Prisoner is not a state actor, and so, plaintiff's claim against him is frivolous.

To state a claim for unconstitutional prison conditions, a pretrial detainee must show that (1) the conditions of confinement posed a substantial risk of serious harm and (2) that the prison officials knew of but disregarded, or were deliberately indifferent to, plaintiff's health and safety.  *Crow v. Montgomery*, 403 F.3d 598, 602 (8th Cir. 2005); *see Hott v. Hennepin County, Minnesota*, 260 F.3d 901, 905 (8th Cir. 2001) (applying deliberate indifference standard to pretrial detainee's conditions-of-confinement claim).  Plaintiff's allegations against Guard are not specific enough to show that he was deliberately indifferent to plaintiff's safety.  For example, he has not alleged that Prisoner ever threatened him or was violent towards him in the past and that Guard knew of those threats or acts of violence.  As a result, it does not appear that

3

plaintiff's claim against Guard states a plausible claim for relief under § 1983.  However, because plaintiff is pro se, the Court will allow him to file an amended complaint expanding on his allegations.

Finally, fictitious parties generally may not be named as defendants in a civil action. *Phelps v. United States*, 15 F.3d 735, 739 (8th Cir. 1994).  An action may proceed against a party whose name is unknown, however, if the complaint makes sufficiently specific allegations to permit the identity of the party to be ascertained after reasonable discovery.  *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985).  In this case, the Court cannot order discovery because there are no named defendants who the Court can serve with process.  Therefore, the complaint may not proceed against Guard unless plaintiff provides Guard's full name in the amended complaint.

Plaintiff must file an amended complaint within twenty-one days of this Order.  Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and so he must include each and every one of his claims in the amended complaint.  *E.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005).  Any claims from the original complaint that are not included in the amended complaint will be considered abandoned.  *Id.*  Plaintiff must allege how each and every defendant is directly responsible for the alleged harm.  In order to sue defendants in their individual capacities, plaintiff must specifically say so in the complaint.  If plaintiff fails to sue defendants in their individual capacities, this action may be subject to dismissal.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $65 within twenty-one (21) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[1]

**IT IS FURTHER ORDERED** that defendants Larry Crawford, Unknown Caseworker, and Unknown Prisoner are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk is directed to send plaintiff a § 1983 complaint form.

**IT IS FURTHER ORDERED** that plaintiff must file an amended complaint on the Court's form no later than twenty-one (21) days from the date of this Order.

An Order of Partial Dismissal will be filed forthwith.

Dated this 18th day of July, 2017.

*Catherine D. Perry*
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

---

[1] Prisoners must pay the full amount of the $350 filing fee.  After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  The agency having custody of the prisoner will deduct the payments and forward them to the Court each time the amount in the account exceeds $10.  28 U.S.C. § 1915(b)(2).